IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| MARKUS SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:20cv122-MHT |
| ) | (WO) |
| WALTER MYERS, Warden, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff, a state prisoner, filed this lawsuit asserting that his Eighth Amendment rights were violated by the placement of another prisoner in the cell with him while plaintiff was on suicide watch. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that defendants' motion for summary judgment be granted as to his federal claims, and that the court should decline to exercise supplemental jurisdiction over plaintiff's state-law claims. There are no objections to the recommendation. After an

independent and de novo review of the record, the court concludes that the magistrate judge's recommendation should be adopted, albeit for somewhat different reasons as to the summary-judgment motion.  The court finds that plaintiff has failed to submit any evidence showing that most of the defendants were at all subjectively aware of or involved in the second prisoner's placement in plaintiff's cell.  As to the two defendants who evidence in the record suggests may have been involved in the placement, plaintiff has failed to submit or point to any evidence showing that they were subjectively aware of a *substantial* risk of serious psychological or physical harm posed to him by the placement of the second prisoner in the same cell for a period of about six hours.  The court does not adopt the part of the recommendation finding that record affirmatively shows that the second prisoner and plaintiff were never actually housed together, which is based on the fact that their bed codes were different.  *See* Report and Recommendation (Doc. 74) at 9.  It is

not clear to the court that the different bed codes indicate placement in different *cells*, as opposed to different beds that could be in the same cell.

An appropriate judgment will be entered.

DONE, this the 28th day of December, 2022.

                        /s/ Myron H. Thompson
                       UNITED STATES DISTRICT JUDGE